1  Guy Ruttenberg, Bar No. 207937
   guy@ruttenbergiplaw.com
2  RUTTENBERG IP LAW,
   A PROFESSIONAL CORPORATION
3  1801 Century Park East, Suite 1920
   Los Angeles, CA 90067
4  Telephone: (310) 627-2270
   Facsimile: (310) 627-2260
5
6  *Attorney for Plaintiff,*
   *DAILY RAYS, INC.*
7
8
9
10            **UNITED STATES DISTRICT COURT**
11       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| DAILY RAYS, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| v. | 1. **FEDERAL TRADEMARK INFRINGEMENT** |
| THE HEALING COMPANY INC.; HEALING & WELLBEING LLC; PRESENCE SIDDHI LLC; and CHOPRA ENTERPRISES CORPORATION, | 2. **FEDERAL UNFAIR COMPETITION** |
| Defendants. | 3. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION COMMON LAW TRADEMARK INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Daily Rays, Inc. ("Daily Rays" or "Plaintiff"), by and through its attorneys, brings this Complaint against Defendants The Healing Company Inc., Healing & Wellbeing LLC, Presence Siddhi LLC, and Chopra Enterprises Corporation (collectively, "Defendants"), and in support thereof allege as follows:

## INTRODUCTION

1.     This action arises out of the Defendants' mobile application branded as Presence: Meditation & Joy currently offered for download on Apple's App Store. Defendants' mobile application infringes Plaintiff's federal trademark registration for PRESENCE and its common law trademark rights accrued by virtue of Plaintiff's extensive and continuous use of its PRESENCE mark in connection with its own mobile application titled Presence: Audio Affirmations, and unfairly competes with Plaintiff's Presence App.

2.     The action is brought pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., Section 17200 of California's Business and Professional Code, and common law arising out of Defendants' infringement of Plaintiff's rights in its federally registered PRESENCE mark.

## THE PARTIES

3.     Plaintiff Daily Rays, Inc. is a Delaware corporation with its principal place of business at 10880 Wilshire Boulevard, Los Angeles, California, 90024.

4.     Upon information and belief, Defendant The Healing Company Inc. ("The Healing Company") is a New York corporation with its principal place of business at 135 W. 50th Street, 2nd Floor, New York, New York 10020.

5.     Upon information and belief, Defendant Healing & Wellbeing LLC is a subsidiary of The Healing Company and is a Delaware limited liability company with its principal place of business at 135 W. 50th Street, 2nd Floor, New York, New York 10020.

6.     Upon information and belief, Defendant Presence Siddhi LLC is a subsidiary of The Healing Company and is a Delaware limited liability company

COMPLAINT

with its principal place of business at 135 W. 50th Street, 2nd Floor, New York, New York 10020.

7. Upon information and belief, Defendant Chopra Enterprises Corporation is a suspended California corporation with its most recent principal place of business at 307 Orchard City Drive #100, Campbell, California 95030.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, et seq. The Court has supplemental jurisdiction over the state and common law causes of action asserted herein pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

9. This Court has personal jurisdiction over Defendants The Healing Company, Healing & Wellbeing LLC, and Presence Siddhi LLC because, among other things, Defendants have also consented to jurisdiction.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c). The Defendants have also consented to venue in this District.

## FACTUAL BACKGROUND

### Plaintiff and its PRESENCE Mark

11. Daily Rays was formed in September 2020 with a goal of inspiring people worldwide by providing users with daily affirmations in the form of inspirational and calming quotes, operating in what is often referred to as the "wellness space." Today, Daily Rays' product and service include audio-based meditations featuring affirmations, inspirational quotes, and other health-related topics designed to improve sleep, well-being, positivity, and motivation, while promoting calm and relaxation, all of which are marketed, offered, and sold under the Presence® name. Daily Rays began advertising its Presence® service in 2020. Daily Rays' Presence® service was well-received, especially in light of the uncertainty caused by the COVID pandemic and lockdowns.

12.    Initially, Daily Rays primarily offered its Presence® service via a bespoke Internet-enabled display referred to as the Presence Display. The Presence Display plays a regularly updated selection of inspirational and calming quotes via a display screen. Quotes are displayed on the display screen, sometimes overlaid on calming background graphics or imagery and other times simply on a plain background. Daily Rays also offered a mobile application for download from the Apple App Store and Google Play Store for users to set up their Presence Display. Copies of the Presence mobile application listing on the Apple App Store and the Google Play Store are attached hereto as Exhibits A and B, respectively.

13.    Daily Rays also purchased and continues to operate the domain name discoverpresence.co, where users can learn about the Presence® service.

14.    Daily Rays also developed its Presence mobile application, while continuing to support the Presence Display. Daily Rays' Presence mobile application also includes audio-based programming. The Presence mobile application allows users to select and play an audio clip with calming background music while the spoken text is displayed, sometimes overlaid on calming background graphics or imagery and other times over a plain background.

15.    Similar to the Presence Display, the Presence mobile application provides users with inspirational quotes, affirmations, and readings but also plays them as audio clips, sometimes over calming background music. Users are offered curated playlists upon accessing the Presence mobile application but are also able to search for and listen to numerous audio presentations in various categories in the wellness space, including spirituality, breath work, sleep, affirmations, mental health, health and fitness, etc. Screenshots of the Presence mobile application are provided below.

COMPLAINT




*FIG. 1: Screenshots of the Presence Mobile Application[1]*

16.     The Presence mobile application is available for download free of charge with limited access to the content library. To access the full library of content, users can purchase a monthly or yearly subscription. Monthly subscription rates are $4.99/month for app-only access and $9.95/month for app and Presence Display access. Annual subscription rates are $49.99/year for app-only access and $59.95/year for app and Presence Display access.

17.     Daily Rays filed a trademark application for PRESENCE in Class 009 on March 30, 2021. In recognition of its exclusive rights in and to the PRESENCE Mark, the U.S. Patent and Trademark Office issued Plaintiff U.S. Trademark Registration No. 6,659,048 for PRESENCE in Class 009 in connection with, *inter alia*, "Downloadable graphics featuring words of affirmation and inspirational, positive, and motivational quotes for use on digital displays, digital screens, digital

---

[1] Leftmost screenshot downloaded from https://discoverpresence.co/pages/how-it-works (accessed Feb. 25, 2025). Two other screenshots taken directly from the Presence mobile application on an Apple iPhone (on Feb. 25, 2025).

4

COMPLAINT

photo frames, tablets, televisions, computer screens, and mobile phones; Downloadable image files containing words of affirmation and inspirational, positive, and motivational quotes; Downloadable mobile applications for displaying words of affirmation and inspirational, positive, and motivational quotes onto digital screens; Downloadable mobile applications for providing illustrations, graphics, images, and art." A copy of U.S. Trademark Registration No. 6,659,048 is attached hereto as Exhibit C.

18.    Plaintiff has continuously and widely used its PRESENCE Mark since at least March 2021. Beginning in 2021, Plaintiff's Presence® service, including the Presence display and mobile application, has been featured in numerous publications, including in the technology publication Medium,[2] was featured as a "new and fun gadget" by the publication Techish,[3] was listed as a "best gift" by the Hollywood Reporter,[4] and featured by Jennifer Jolly on the Today Show,[5] which received over 140 million unique views. Plaintiff's Presence® service, including the Presence display and mobile application, have also been featured in numerous podcasts and YouTube videos.[6] Plaintiff also invested over $600,000 in advertising

---

[2] A Digital Quote Board: Ashley Saye's Big Idea That Might Change The World In The Next Few Years | by Fotis Georgiadis | Authority Magazine | Medium (published May 25, 2021).
[3] Five New and Fun Gadget Picks For All Ages - Techish (published Dec. 2, 2022). The Presence Display was featured again in another Techish article published on Dec. 6, 2022. As Seen on the 'Today Show' - Techish
[4] The Best Products for Inspiring Optimism 2023: Books, Tech, Jewelry (published Feb. 15, 2023).
[5] https://www.today.com/video/tech-gifts-everyone-will-love-polaroids-smart-sunglasses-more-156365893910 (published Dec. 2, 2022)
[6] Ashley Saye, Vanessa Coppes, Sue Phillips & Cathleen Elle On "Wake Up With Marci" - YouTube (published July 10, 2021); Episode 137: Entrepreneurship & The Newest Secret To Stay Inspired | Listen Notes (published Nov. 19, 2021); Unboxing Presence Motivational Display - YouTube (published Dec. 2, 2022); Technology News and Reviews - Techstination: Interview - Presence Inspiration Display arrives: Co-founder Ashley Saye (published Aug. 25, 2022).

for its Presence® service, including over $250,000 in social media advertising, resulting in over 12.8 million unique online impressions.

19.    Plaintiff's PRESENCE Mark is conceptually and commercially strong. PRESENCE does not describe any characteristic of Plaintiff's service but is intended to evoke a feeling of contentment and being present in the moment. Further, in view of Plaintiff's continuous and widespread use of its PRESENCE Mark to identify its service for nearly five years, Plaintiff has generated good will and recognition in its PRESENCE Mark in the wellness space.

20.    Based on the media coverage, particularly in the technology and wellness spaces, and the continuous use and promotions of its PRESENCE Mark, the consuming public came to associate Plaintiff's PRESENCE Mark with its well-regarded Presence® Service and with audio and visual calming and inspirational quotes and guided practice.

<u>Defendants' Infringing Conduct</u>

21.    In around 2020, Chopra Global, a company founded by well-known meditation expert and author Deepak Chopra, launched a mobile application titled Chopra Meditation and Well-being ("Chopra mobile application") on at least the Apple App Store. On information and belief, Chopra Global launched its Chopra application through its subsidiary Defendant Chopra Enterprises Corporation.

22.    In October 2023, Jonathon Nostrant, founder and President of Daily Rays, was put in contact with Poonacha Machaiah, CEO and Managing Director of the Chopra Foundation, a non-profit entity also founded by Deepak Chopra, regarding a possible alignment between Plaintiff's Presence® service and Deepak Chopra and Mr. Chopra's various business ventures. During this time, Mr. Nostrant shared Daily Rays' Fall 2023 Investor Deck, which detailed Plaintiff's Presence® service, including its Presence mobile application, with Mr. Machaiah.

23.     Unknown to Plaintiff during the confidential talks with Mr. Machaiah and The Chopra Foundation in late 2023, on or around March 2023,[7] Defendant The Healing Company acquired Defendant Chopra Enterprises Corporation as part of a larger acquisition of aspects of Chopra Global's wellness business. As part of that acquisition, Mr. Machaiah joined the Board of The Healing Company.[8] As stated in a March 7, 2023 press release by The Healing Company,[9] this acquisition included the Chopra mobile application. As part of the acquisition, Deepak Chopra took the role of Chief Scientific Advisor for The Healing Company while continuing his role as Chairman of the Board and Director of the Chopra Foundation.

24.     On or around September 2024, Defendants re-branded the Chopra mobile application to Presence: Meditation & Joy ("Infringing Presence mobile application"). Copies of the Infringing Presence mobile application listing on the Google Play Store[10] and the Apple App Store are attached hereto as Exhibits D and E, respectively. The now-removed Google Play Store listing for the Infringing Presence mobile application lists Defendant Presence Siddhi LLC as the owner/developer of the mobile application, while the now-removed Apple App Store listing for the same lists Defendant Chopra Enterprises Corporation as the owner/developer.

25.     Defendants' Infringing Presence mobile application offers audio-based meditations and other inspirational and calming programs in the wellness

---

[7] https://www.prnewswire.com/news-releases/the-healing-company-otc-hlco-acquires-chopra-globals-wellbeing-experiences-businesses-deepening-partnership-with-wellness-icon-dr-deepak-chopra-301765154.html (accessed Feb. 21, 2025).
[8] https://www.prnewswire.com/news-releases/wellness-icon-deepak-chopra-teams-up-with-renowned-investor-and-psychedelics-entrepreneur-christian-angermayer-to-back-the-healing-companys-bold-vision-301487257.html (accessed March 14, 2025).
[9] Id.
[10] Defendants' Infringing Presence mobile application was removed from the Google Play Store in response to Plaintiff's trademark infringement complaint to Google.

COMPLAINT

space for its users. Similar to Plaintiff's Presence® Service available on its Presence mobile application, Defendants offered their Infringing Presence mobile application for download free of charge with a limited amount of content, with access to the full library of content requiring a monthly subscription of $5.83/month or an annual subscription of $69.99.

26.    Defendants' Infringing Presence mobile application offers programs in various categories that are substantially similar to Plaintiff's Presence mobile application, including spirituality, mental health, and physical health. Below is a comparison between some of the content categories in Plaintiff's Presence mobile application and Defendants' Infringing Presence mobile application (FIG. 2).

 

*FIG. 2: Comparison Between Plaintiff's Presence Mobile Application and Defendants' Infringing Presence Mobile Application*

27.    In addition to the audio programs, Defendants' Infringing mobile application also offers and links to workbooks that supplement the various

programs, such as a 7-Day Ayurvedic Cleanse workbook and a Summer Renewal workbook (FIG. 3).

 

*FIG. 3: Examples of Workbooks Available Via Defendants' Infringing Presence Mobile Application*

28.    As part of its re-branding effort, Defendants registered and operated the domain name presence.app, which not only advertises the Infringing Presence mobile application but also provides the same services as are available on the Infringing Presence mobile application via a web-browser based interface (collectively, "Defendants' Infringing Presence service"). A screenshot of the webpage resolving from Defendants' presence.app domain name is copied below as FIG. 4.

COMPLAINT



*FIG. 4: Screenshot of Defendants' Presence.App Webpage[11]*

29.    Moreover, if a user opts to access Defendants' Infringing Presence service via a web browser, users are redirected to web.presence.app. As can be seen in the below screenshot of the webpage that resolves from web.presence.app (FIG. 5) (blue arrow annotation added), Defendants titled the webpage "Discover Presence," which is the same as Plaintiff's domain name where it advertises its Presence® Service—discoverpresence.co.

---

[11] Accessed Feb. 25, 2025.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*FIG. 5: Screenshot of Defendants' Web.Presence.App Webpage[12]*

---

[12] Accessed Feb. 25, 2025.

11
COMPLAINT

30.     Defendants' Infringing Presence service, including its Infringing Presence mobile application, uses Plaintiff's PRESENCE Mark in its entirety as the dominant part of the service name.

31.     Further, Defendants' Infringing Presence service offers the same audio-based guided calming and inspirational programs via mobile application in interstate commerce as Plaintiff offers as part of its Presence® service and in which Plaintiff has trademark rights. Defendants' Infringing Presence service is also substantially similar to Plaintiff's PRESENCE registration in that Defendants' audio-based presentation is substantially related to "Downloadable mobile applications for displaying words of affirmation and inspirational, positive, and motivational quotes onto digital screens; Downloadable mobile applications for providing illustrations, graphics, images, and art," as listed in Plaintiff's PRESENCE registration. Indeed, users typically listen to the audio on their smartphones and other devices, *e.g.*, while working, exercising, driving.

32.     Defendants' Infringing Presence mobile application and Plaintiff's Presence mobile application share the same channels of trade, as both were available for download on the Apple App Store and Google Play Store. *See* Exhibits A and E. Below is a screenshot of a search of the Apple App Store for "Presence," showing the availability of both Defendants' Infringing Presence mobile application (as Presence: Meditation & Joy at the top of the page) and Plaintiff's Presence mobile application (as Presence: Audio Affirmations at the bottom of the page) via the same channels of trade to the same class of consumer (FIG. 7).

33.     Because both mobile applications were available for download free of charge, users exercised relatively less care in downloading these applications. And while both mobile applications offer subscriptions, even those costs are relatively low (less than $100/year) such that a buyer would not be expected to and would not exercise great care in downloading one Presence mobile application or another.

Store   Mac   iPad   iPhone   Watch   Vision   AirPods   TV & Home   Entertainment   Accessories   Support

🔍 presence    ⊗

Explore    Accessories    Support    Find a Store

10 results found



**Presence: Meditation & Joy**

Sleep better, relieve stress, and find purpose with Presence - your total guide to well-being. Take the next step on your journey with proven practices for...

View more ›



**Presence Video Security Camera**

You've got an old smartphone or tablet. It's sitting there, doing nothing. Why not put it to work? Let the free app Presence watch your back. Get it today,...

View more ›



**Modern Campus Involve**

Use the all-new Modern Campus Involve app to find out how you can get involved on campus, check-in to events with your Digital ID, and more! Organization...

View more ›



**KastlePresence**

KastlePresence provides secure and convenient access control built on the latest mobile technology and the strictest security standards. Features,...

View more ›



**Presence CheckPoint**

CheckPoint by Presence gives Universities & Colleges the power to Manage, Track, Assess, & Engage students & organizations on campus. Learn more at...

View more ›



**Presence: Audio Affirmations**

Self Transformation with Presence Unlock your true self and manifest your chosen life with Presence, the Core 77 Design Award-winning app built to inspire,...

View more ›

*FIG. 6: Screenshot of a Search of the Apple App Store for "Presence"*[13]

---

[13] Search conducted Feb. 21, 2025.

13

COMPLAINT

34.    Below is a side-by-side comparison of the sign-in / sign-up screens of Plaintiff's Presence mobile application (left side) and Defendants' Infringing Presence mobile application (right side) (FIG. 7), which further demonstrate the similarities between Plaintiff's Presence mobile application and Defendants' Infringing Presence mobile application, both of which feature PRESENCE in stylized font at the top of page, a background image of a female in athletic attire, and a yellow rectangular button with rounded ends at the bottom of the page.

 

*FIG. 7: Sign-In / Sign-Up Screens*

35.    Further, since Defendants launched the Infringing Presence mobile application, Plaintiff has received numerous communications from consumers

confusing Defendants' Infringing Presence mobile application for Plaintiff's Presence mobile application and vice versa.

36.    Defendants' use of the PRESENCE mark is likely to cause, and indeed already has caused, confusion as to the source, origin, sponsorship, and/or affiliation of Defendants' Presence Service, on the one hand, and Plaintiff's Presence Service on the other hand.

37.    Defendants' selection, use, and infringement of the PRESENCE Mark is willful at least in view of Defendants' prior knowledge of Plaintiff's Presence Service.

## PLAINTIFF'S ENFORCEMENT EFFORTS

38.    On November 22, 2024, Plaintiff's counsel submitted online trademark infringement complaints to both Google and Apple, requesting that Defendants' Infringing Presence mobile application be removed from the Google Play Store and Apple's App Store, respectively.

39.    On December 2, 2024, Google removed Defendants' Infringing Presence mobile application from the Google Play Store. Upon information and belief, Defendants have not challenged Google's decision.

40.    As for the complaint to Apple, Apple's legal department put the parties in contact and requested that the parties resolve the matter between themselves. After a month-long back-and-forth, Defendants' representative ceased participating in Apple's dispute resolution process and ceased communication with Plaintiff and, on information and belief, to Apple as well.

41.    Ultimately, in around April 2025, Apple removed Defendants' Infringing Presence mobile application from the Apple App Store.

## FIRST CAUSE OF ACTION

## (Trademark Infringement – 15. U.S.C. § 1114)

42.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1-41 of this Complaint as if fully set forth herein.

43.     Plaintiff is using its PRESENCE Mark in connection with a high-quality wellness service, including a mobile application available for download on the Apple App Store and the Google Play Store. Plaintiff has been using its PRESENCE Mark in connection with its Presence® Service since 2021, including by offering its Presence mobile application on the Apple App Store and the Google Play Store.

44.     The registration for the PRESENCE Mark is in full force and effect, and Plaintiff has not authorized Defendants to use it.

45.     Defendants' unauthorized use of the PRESENCE Mark in connection with its unauthorized, counterfeit, and/or inferior mobile application, web-service, and advertising relating thereto is likely to cause confusion, mistake, or deception in commerce among members of the purchasing public and the trade as to the true sources, origin, or sponsorship of Defendants' Infringing Presence service, including its infringing Presence mobile application, and therefore violates Plaintiff's rights to the PRESENCE Mark. Defendants are liable for trademark infringement pursuant to 15 U.S.C. § 1114.

46.     Defendants have used the PRESENCE Mark without Plaintiff's authorization or authority and in disregard for Plaintiff's right to control its trademark.

47.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' mobile application and online service and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its PRESENCE Mark while overwhelming Plaintiff's use of its PRESENCE Mark in the market.

48.     As a direct and proximate cause of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from further infringing Plaintiff's PRESENCE Mark and ordered to undertake corrective advertising.

49.    Defendants' acts have damaged Plaintiff, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief prohibiting Defendants from using the PRESENCE Mark and any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained as a result of Defendants' infringing acts, and all gains, profits, and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition– 15. U.S.C. § 1125)

50.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1-49 of this Complaint as if fully set forth herein.

51.    Defendants, in marketing, advertising, offering for use and download, and selling its Infringing Presence mobile application and web-service under the PRESENCE Mark, are likely to cause confusion, mistake, or deception in the trade and with the purchasing public as to the source, origin, or sponsorship of said imitative items and/or is likely to cause the trade and/or the purchasing public to incorrectly believe that Defendant's Infringing Presence service, including its Infringing Presence mobile application and web-service originate with, are endorsed by, or are otherwise associated with Plaintiff.

52.    Defendant has been unjustly enriched by its sale of subscriptions to the Infringing Presence mobile application and web-service, and Plaintiff is entitled to an accounting of Defendants' profits therefrom.

53.    The aforesaid activities of Defendants in selling subscriptions to its Infringing Presence mobile application and web-service in commerce constitute trademark infringement, unfair competition as well as false descriptions, false

representations, and false designations of origin or sponsorship, all in violation of 15 U.S.C. § 1125(a).

54.    Defendants' foregoing activities have damaged both Plaintiff and the reputation of its PRESENCE Mark in an amount as yet unknown.

55.    Plaintiff has suffered irreparable harm to its valuable PRESENCE Mark and its brand as a result of Defendants' conduct, which no legal remedy will fully redress. Accordingly, Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining Defendants from further misappropriation of Plaintiff's PRESENCE Mark.

## THIRD CAUSE OF ACTION

### (Violation of California Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq)

56.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1-55 of this Complaint as if fully set forth herein.

57.    Defendants' acts and activities constitute unfair and deceptive acts and trade practices, including by adopting Plaintiff's PRESENCE Mark for Defendants' substantially similar service and, after achieving wide-spread recognition and a large user base premised on Deepak Chopra's celebrity, directing a rapid name change of its Chopra mobile application to fully embody Plaintiff's PRESENCE Mark in an attempt to quickly overwhelm Plaintiff and Plaintiff's business.

58.    Defendants' acts and actions have deceived or materially misled, or have a tendency to deceive and materially mislead, the consuming public, and have injured Plaintiff's business.

59.    Due to these acts and actions, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and caused injury to consumers in California.

60.    Pursuant to California's Business and Professions Code §§ 17203 and 17206, Plaintiff is entitled to injunctive relief, restitution, and disgorgement of

Defendants' profits obtained through its unfair competitive practices, to the maximum extent permitted by law.

## FOURTH CAUSE OF ACTION

### (California Common Law Trademark Infringement)

61.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1-59 of this Complaint as if fully set forth herein.

62.    Plaintiff's PRESENCE Mark is a valid and legally protectable mark.

63.    Defendants' use of the identical mark "PRESENCE" on and in connection with its infringing Presence service, including in connection with services identical and/or substantially similar to those offered by Plaintiff under its PRESENCE Mark, constitutes misappropriation of Plaintiff's goodwill and reputation and is likely to cause confusion or to deceive consumers as to the origin of the parties' respective services.

64.    Defendants' acts alleged herein were made in bad faith, as Defendants knew or should have known of the existence of the PRESENCE Mark and Plaintiff's exclusive rights in the PRESENCE Mark.

65.    Plaintiff has not authorized the Defendants' use of the Infringing Presence mobile application.

66.    Plaintiff used the Presence mobile application in California before Defendants' use of Infringing Presence mobile application.

67.    Defendants' acts alleged herein thus constitute trademark infringement in violation of California common law.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff Daily Rays, Inc. requests that this Court enter judgment in its favor and for relief against Defendants, as follows:

1.    For a final judgment that Defendants have:

a. Engaged in federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114;

b. Engaged in federal unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125

c. Engaged in trademark infringement in violation of California common law; and

d. Engaged in unfair competition in violation of Section 17200 of California's Business and Professional Code.

2. For the entry of an Order:

a. Preliminarily and permanently enjoining Defendants and its officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with them from making, marketing, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with a mobile application or other mental health service under or incorporating the mark "PRESENCE" or any other mark confusingly similar to Plaintiff's PRESENCE Mark;

b. Requiring Defendants to transfer ownership of the domain name PRESENCE.APP to Plaintiff;

c. Requiring Defendants to account for all gains, profits, and advantages derived from their wrongful acts;

d. Requiring Defendants to undertake corrective advertising;

e. Ordering an accounting by Defendants to Plaintiff of the profits gained from their infringing Presence mobile application;

f. Awarding damages to Plaintiff, including damages for injury to Plaintiff's business reputation and goodwill, and all other damages arising out of Defendants' acts of infringement and unfair competition, in an amount to be determined;

COMPLAINT

g.   Assessing an award to Plaintiff of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater, as a result of Defendants' willful infringing conduct;

h.   Assessing an award of Plaintiff's attorney fees and costs;

i.   Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award made part of the judgement against Defendants; and

j.   Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Daily Rays, Inc. hereby demands a trial by jury as to all issues so triable.

DATED: May 30, 2025          By:        */s/ Guy Ruttenberg*

Guy Ruttenberg
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com

*Attorney for Plaintiff,*
*DAILY RAYS, INC.*

COMPLAINT